Exhibit A

# POST MARITAL AGREEMENT

By this Post Marital Agreement (the "Agreement"), ADRIAN R. TEAF ("Husband"), and LOUISE S. TEAF ("Wife"), agree as follows:

1.     BACKGROUND. The parties are residents of Sarasota County, Florida, and were married to each other on July 11, 1980. The parties intend that this Post Marital Agreement govern and provide for all property and other rights that may have arisen or may arise from the parties' marriage upon the death of either of them. **The parties do *not* intend in this Agreement to make any provision for the rights of each of them in the property of the other if their marriage ends by divorce.**

2.     CONSIDERATION. The parties hereto acknowledge that the provisions hereof are the consideration for this Agreement and are sufficient consideration to support the Agreement.

3.     FINANCIAL DISCLOSURE.

3.1. Each party has revealed to the other his or her full financial information regarding the net worth, assets, holdings, income and liabilities. A true and complete statement of all of Husband's assets and liabilities is attached and made a part of this Agreement as Schedule H, and a true and complete statement of all of Wife's assets and liabilities is attached and made a part of this Agreement as Schedule W. Each party warrants that full disclosure of the financial condition and property has been made by and to the other.

3.2. Husband and Wife acknowledge to each other that each of them has had a reasonable opportunity to investigate, and ample time to review and consider, the nature, extent and values of the other's property, and that each of them has sufficient general and approximate

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

knowledge of the character, extent and value of the other party's estate, financial circumstances and financial ability to enable each of them to reach an intelligent decision to enter into this Agreement.

3.3. All values represented by Husband and Wife are their best estimates of the present values of the property interests involved, with the understanding that should those interests be liquidated and the fair market value thereof determined upon such liquidation, their value could greatly exceed or fall short of the estimated value stated. Husband and Wife recognize that many property interests are unique and have no readily ascertainable market value.

3.4. Husband has been given the right to request additional documents from Wife regarding Wife's financial status or to obtain independent valuations or appraisals, or both. Wife has been given the right to request additional documents from Husband regarding Husband's financial status or to obtain independent valuations or appraisals, or both.

4. COUNSEL.

4.1 Each party has had the opportunity to secure independent legal advice and has had legal advice concerning the rights and obligations arising from this Agreement, and the legal rights each has in the assets of the other upon the death of either of them while married to one another. The parties have been jointly represented by Richard R. Gans, Esq., and Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A.

4.2 Husband and Wife each wish to enter into this Agreement as prepared, and each represents and warrants to the other that he or she fully understands the nature, contents and consequences of this document and each of the individual items contained in this Agreement.

POST MARITAL AGREEMENT
Page 2 of 9

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

Husband and Wife agree that Richard R. Gans, Esq., has fully advised each of them as to the legal rights and obligations arising from this Agreement, and the legal rights each would have in the assets of the other upon the death of either of them, both under this Agreement and if this Agreement were not entered into.

4.3 Husband and Wife have each been advised by Richard R. Gans, Esq., of their rights to, and advisability of, the retention of independent counsel concerning this Agreement. Each of Husband and Wife represents and warrants to the other that any decision to forego independent counsel is knowing and voluntary, and not the product of influence on the part of the other or on the part of Richard R. Gans, Esq.

4.4 Husband and Wife each represent and warrant to the other that he or she is not under the influence of any medication or alcohol or any other substance which may be affecting or impairing his or her ability to understand and enter into this Agreement or to waive any conflict of interest.

4.5 Husband and Wife agree that if Richard R. Gans, Esq., is ever called as a witness or is otherwise asked to give written or oral testimony in any judicial proceedings (including settlement negotiations, mediation or arbitration) he shall be paid in accordance with his then prevailing hourly rates. To the extent permitted by law, each party hereby waives any conflict of interest that may otherwise exist if Richard R. Gans, Esq., is so called by one of the parties to the exclusion of the other.

5. EFFECT OF AGREEMENT. Each party understands that, in the absence of this Agreement, applicable law would confer certain rights upon each of them in the property and estate

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

of the other. Each party understands, further, that the effect and intent of this Agreement is for both parties to waive, relinquish and bar all of their respective rights or claims thereto.

6.     ESTATES.

6.1     Each party consents that the estate of the other may be disposed of by trust or amendment, by will or codicil to the devisees of the other party or, in the absence of a will, the estate of each party shall descend to the heirs of that party as if the marriage had not taken place. In either event each party's estate shall be free of any claim or demand of inheritance, elective share, family allowance, exempt property or any spousal or other claims given by law, that can be asserted by the other party, including, but not limited to, "all rights" within the meaning of Section 732.702(1), Florida Statutes, irrespective of the marriage and any law to the contrary. Each party hereby waives any right or claim of inheritance, preference in fiduciary appointments, elective share, family allowance, exempt property or any spousal or other claims given by law, including, but not limited to, all rights under Sections 732.201 through and including 732.228, Florida Statutes. Neither party intends by this Agreement to limit or restrict the right to give or receive a testamentary gift from the other. Either of the parties may elect to make a gift to the other by will or trust without invalidating this paragraph and may thereafter change or eliminate the gift by a codicil or another will or trust and amendment without in any way affecting the continued effectiveness of this Agreement.

6.2     Each party acknowledges that if the other were to die, whether testate or intestate, during marriage, the share of the decedent's estate to which the party would be entitled or could assert a right to could, except for this Agreement, be greater than provided in this Agreement. For purposes of this Agreement, "estate" is defined to include either party's probate estate, any

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

living trust created by the party, as well as life insurance, individual retirement accounts, qualified or nonqualified retirement and deferred compensation plans, and other assets that may pass by beneficiary designation outside of will or trust documents.

7.    MARYLAND PROPERTY.  As of the date of this Agreement, the parties jointly own certain real property in the State of Maryland (the "Maryland Property").  Husband intends to transfer his interest in the Maryland Property to Wife, whereupon she will be the sole owner.  If during the parties' marriage Wife elects to sell the Maryland Property, which she is not required to so, and if the Maryland Property is not jointly owned by the parties, then, unless the parties agree to a different division, one-half of the net proceeds of sale of the Maryland Property shall be paid to Husband and one-half of such proceeds shall be paid to Wife.  This paragraph shall also apply to any residence that the parties agree to acquire with all or any part of the proceeds of sale from the Maryland Property.

8.    HOMESTEAD. Each party releases any claim, demand, right or interest that the party may acquire because of the marriage in any real property of the other because of the homestead property provision of the Florida Constitution or any Florida statute concerning the descent of the property as homestead.

9.    GRANT. Each party relinquishes, quit claims and grants to the other, and the heirs or assigns of the other, forever, all interest in the other's property so that each party, his or her heirs, personal representatives, administrators or assigns shall have no right, title to claim or any of these interests of the other.  Each party further agrees that he or she shall make no further claim upon the other's estate, heirs, personal representatives, executors, administrators and assigns for any interest in real, personal or mixed property of the deceased party, except to enforce this Agreement.

POST MARITAL AGREEMENT
Page 5 of 9

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

10. **SET OFF**. If either party pays a claim or demand that should be paid by the other under this Agreement or by law, the party making the payment may deduct the amount properly paid from any amounts due or to become due to the other party under this Agreement or otherwise. This right to set off is cumulative to any rights given by this Agreement or by law.

11. **RELEASE**. Each party releases all claims or demands that he or she may in the estate of the other at death, however and whenever acquired, including acquisitions in the future.

12. **WAIVER OF PENSION BENEFITS**. The parties each waive all right, title, claim or interest they may have to any type of pension or retirement benefits of the other including, but not limited to, individual retirement accounts or profit sharing plans. Further, each party waives any right to claim any spousal benefits in all types of pension or retirement plans of the other including, but not limited to, spousal survivor annuities. At all times required, both parties will execute any and all documents necessary to accomplish the intent of this paragraph including, but not limited to, a spouse's waiver to a spousal survivor annuity.

13. **ATTORNEYS' FEES**. If a dispute arises between the parties regarding the interpretation, enforcement or an alleged breach of this Agreement, each party shall be solely responsible for payment of his or her attorneys' fees and court costs, whether for negotiation, trial or appellate work.

14. **SEVERABILITY**. If part of this Agreement is adjudged invalid, the remaining parts are not affected.

15. **ENTIRE AGREEMENT**. This Agreement contains the entire agreement between the parties and shall not be changed except in writing signed by the parties. No representation or agreement that is not incorporated in it is valid.

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

16. GOVERNING LAW. This Agreement shall be governed by Florida law.

17. DOCUMENTS. Each party shall execute any documents that are necessary to effectuate this Agreement.

18. NO OTHER BENEFICIARY. No person shall have a right or cause of action arising or resulting from this Agreement except those who are parties to it and their successors in interest.

19. EFFECTIVE DATE. This Agreement shall only become effective upon the full execution by Husband and Wife. **THE PARTIES WARRANT EACH HAS READ AND UNDERSTOOD THE CONTENTS OF THIS INSTRUMENT WITH FULL UNDERSTANDING OF ALL OF ITS LEGAL EFFECT AND THAT EACH DESIRES TO ENTER INTO THIS AGREEMENT FOR THE EXPRESS PURPOSES STATED.**

ADRIAN R. TEAF
Executed on _____, 2008.

We do hereby declare to the undersigned officer that ADRIAN R. TEAF, as Husband, in the presence of witnesses signed the above instrument as his Post Marital Agreement, that he signed willingly, and that each of the witnesses, in the presence of ADRIAN R. TEAF and in the presence of each other, signed the Post Marital Agreement as a witness.

WITNESS

WITNESS

POST MARITAL AGREEMENT
Page 7 of 9

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

LOUISE S. TEAF

Executed on _____ 4/14 _____, 2008.


We do hereby declare to the undersigned officer that LOUISE S. TEAF, as Wife, in the presence of witnesses signed the above instrument as her Post Marital Agreement, that she signed willingly, and that each of the witnesses, in the presence of LOUISE S. TEAF and in the presence of each other, signed the Post Marital Agreement as a witness.


WITNESS

WITNESS


POST MARITAL AGREEMENT
Page 8 of 9

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

STATE OF FLORIDA

COUNTY OF SARASOTA

The foregoing instrument was acknowledged before me on _____4/14_____, 2008, by ADRIAN R. TEAF, who ☑ is personally known to me or has ☐ produced _____ as identification.

_____
Notary Public        ...ARD R. GANS
Serial Number (if any) _____
Commission Expiration Date _____

RICHARD R. GANS
MY COMMISSION # DD 649555 EXPIRES
July 12, 2011
BONDED THRU TROY FAIN INSURANCE, INC.

STATE OF FLORIDA

COUNTY OF SARASOTA

The foregoing instrument was acknowledged before me on _____4/14_____, 2008, by LOUISE S. TEAF, who ☑ is personally known to me or has ☐ produced _____ as identification.

_____
Notary Public        ...ARD R. GANS
Serial Number (if any) _____
Commission Expiration Date _____

RICHARD R. GANS
MY COMMISSION # DD 649555 EXPIRES
July 12, 2011
BONDED THRU TROY FAIN INSURANCE, INC.

393685

POST MARITAL AGREEMENT
Page 9 of 9

_____
ADRIAN R. TEAF
Husband's Initials

_____
LOUISE S. TEAF
Wife's Initials

# SCHEDULE H

## ASSETS

| | | | |
|---|---|---|---|
| 1. | Residence located at: | 4087 Via Mirada<br>Sarasota, Florida 34238* | $154,000.00 |
| 2. | Residence located at: | 10020 Forest Lane<br>Chestertown, Maryland* | 1,000,000.00 |
| 3. | Tangible Personal Property* | | 140,000.00 |
| 4. | Checking Account* | | 3,700.00 |
| 5. | Wachovia Brokerage Account* | | 430,000.00 |
| 6. | Savings Accounts* | | 2,000.00 |
| | **TOTAL ASSETS:** | | **$1,729,700.00** |

## LIABILITIES

| | | | |
|---|---|---|---|
| 1. | Residence located at: | 4087 Via Mirada<br>Sarasota, Florida * | $240,000.00 |
| 2. | Residence located at: | 10020 Forest Lane<br>Chestertown, Maryland* | 40,000.00 |
| | **TOTAL LIABILITIES:** | | **$280,000.00** |

*Jointly owned with spouse.

ADRIAN K. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials

# SCHEDULE W

## ASSETS

| | | | |
|---|---|---|---|
| 1. | Residence located at: | 4087 Via Mirada Sarasota, Florida * | $154,000.00 |
| 2. | Residence located at: | 10020 Forest Lane Chestertown, Maryland* | 1,000,000.00 |
| 3. | Tangible Personal Property* | | $140,000.00 |
| 4. | Checking Account* | | 1,700.00 |
| 5. | Mass Mutual Whole Life Insurance | | 15,000.00 |
| 6. | Wachovia Brokerage Account | | 350,000.00 |
| 7. | Wachovia Brokerage Account* | | 430,000.00 |
| 8. | Security Benefit | | 80,000.00 |
| 9. | Savings Accounts* | | <u>2,000.00</u> |
| | **TOTAL ASSETS:** | | **<u>$2,172,700.00</u>** |

## LIABILITIES

| | | | |
|---|---|---|---|
| 1. | Residence located at: | 4087 Via Mirada Sarasota, Florida * | $240,000.00 |
| 2. | Residence located at: | 10020 Forest Lane Chestertown, Maryland* | <u>40,000.00</u> |
| | **TOTAL LIABILITIES:** | | **<u>$280,000.00</u>** |

\* Jointly owned with spouse.

ADRIAN R. TEAF
Husband's Initials

LOUISE S. TEAF
Wife's Initials